IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| YOLANDA D. WILSON, | ) | CASE NO. 1:17 CV 1385 |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

## Introduction

Before me[1] is an action by Yolanda D. Wilson under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF No. 16. The parties have consented to my exercise of jurisdiction.

[2] ECF No. 1.

[3] ECF No. 9.

[4] ECF No. 10.

[5] ECF No. 6.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

For the reasons set forth below, the decision of the Commissioner will be reversed and remanded for further administrative proceedings as it is not supported by substantial evidence.

## Facts

**A.  Background facts and decision of the Administrative Law Judge ("ALJ")**

Wilson was 48 years old at the time of the administrative hearing.[11] Her past relevant employment history includes work as a packager, packaging machine operator, computer graphic artist, home health attendant, and intake worker.[12]

The ALJ, whose decision became the final decision of the Commissioner, found that Wilson had the following severe impairments: history of colon cancer with metastasis to

---

[6] ECF No. 11.

[7] ECF No. 14 (Commissioner's brief); ECF No. 12 (Wilson's brief); ECF No. 17 (Wilson's reply brief).

[8] ECF No. 14, Attachment 1 (Commissioner's charts); ECF No. 12, Attachment 1 (Wilson's charts).

[9] ECF No. 12, Attachment 1 at 4 (Wilson's fact sheet).

[10] ECF No. 19.

[11] ECF 12, Attachment 1 at 4.

[12] ECF No. 10, Transcript ("Tr.") at 34.

regional lymph nodes; status-post resection of the colon and chemotherapy; and depressive disorder.[13]

No state agency reviewing sources opined on Wilson's mental limitations and residual functional capacity ("RFC").[14] The only medical opinion evidence in the record regarding Wilson's depressive disorder came from Wilson's psychiatrist, Katy Lalone, M.D.[15] While Dr. Lalone identified several mental limitations, she did not quantify them or opine as to work-related accommodations to address them.[16] The ALJ gave Dr. Lalone's opinion little weight,[17] but proceeded to fashion mental limitations and include them in the RFC.[18]

Wilson asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.

## Analysis

While the ALJ discussed Dr. Lalone's treatment notes in his decision and correctly stated that Wilson was responsive to treatment and improved somewhat under treatment,[19]

---

[13] *Id.* at 28.

[14] *Id.* at 33.

[15] *Id.* at 1807-12. In her brief, Wilson identified Dr. Lalone as her psychiatrist. ECF No. 12 at 7.

[16] Tr. at 1809.

[17] *Id.* at 34.

[18] *Id.* at 30-31, 34.

[19] *Id.* at 32-33.

Dr. Lalone's opinion was the only opinion evidence in the record regarding Wilson's mental limitations. In rejecting Dr. Lalone's assessments of Wilson's mental limitations – basing his findings on *no* medical opinion of record – the ALJ improperly substituted his own lay opinion regarding Wilson's mental limitations.[20] This alone would be enough for remand.[21]

As was the case in *Maldonado v. Commissioner of Social Security*, the ALJ also "failed to set forth a sufficient basis for disregarding" Dr. Lalone's opinion.[22] The ALJ claimed Dr. Lalone's opinion was inconsistent with the record but failed to cite any record evidence to support that statement.[23] While the ALJ mentioned Wilson's GAF scores to support his interpretation of the medical evidence, as he acknowledged, the range shows mild

---

[20] *Maldonado v. Comm'r of Soc. Sec.*, No. 3:12-cv-205, 2013 WL 2243933, at *7 (S.D. Ohio May 21, 2013) ("By summarily disregarding the opinions of Drs. Genardi, Halmi, and Boerger – and thereby basing her findings upon *no* medical opinion of record – the ALJ improperly substituted her lay opinion for that of a Medical Expert who would be qualified to make such a medical determination."), *report and recommendation adopted by* 2013 WL 5424775 (S.D. Ohio Sept. 26, 2013). *See also Beck v. Comm'r of Soc. Sec.*, No. 1:10-cv-398, 2011 WL 3584468, at *14 (S.D. Ohio June 9, 2011) ("While the ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical opinions, the ALJ cannot substitute his 'medical' opinion for that of a treating or examining doctor.") (citations omitted), *report and recommendation adopted by* 2011 WL 3566009 (S.D. Ohio Aug. 12, 2011).

[21] *See, e.g., Vaughn v. Comm'r of Soc. Sec.*, No. 14-cv-12496, 2015 WL 5216165, at **9-10 (E.D. Mich. Sept. 4, 2015).

[22] *Maldonado*, 2013 WL 2243933, at *7.

[23] Tr. at 34.

*to moderate* symptoms.[24] And instead of relying on Dr. Lalone's interpretation of those GAF scores, the ALJ played doctor and substituted his own conclusions regarding those scores.

The ALJ's vague criticism that Dr. Lalone did not provide any specifics regarding Wilson's "deficits" likewise fails to pass muster. While Dr. Lalone did not specifically quantify Wilson's limitations, she identified several areas where Wilson was impaired:

> Completed emotional capacities evaluation with some deficits noted in: ability to understand/remember detailed instructions, carry out detailed instructions, maintain attention/concentration for periods of time, complete work without interruption from symptoms, get along c coworkers [sic] and avoid distractions, respond appropriately to changes in work setting, requires some additional supervision to carry out detailed work assignments.[25]

Dr. Lalone's statement is not any different from the Disability Determination Explanations – frequently given great weight by ALJs – where the state agency reviewing sources indicate that a claimant is "limited" in certain functional areas for purposes of determining a claimant's RFC.

The Commissioner's argument that Dr. Lalone cannot qualify as a treating source under Social Security regulations because Wilson only saw Dr. Lalone is not well taken and constitutes impermissible *post hoc* rationalization. First, the ALJ identified Dr. Lalone as a

---

[24] *Id.* (emphasis added).

[25] *Id.* at 1809.

treating provider elsewhere in the opinion.[26] Second, the ALJ made no mention of the length of Dr. Lalone's treating relationship with Wilson as a reason for discounting her opinion.[27]

**Conclusion**

The Commissioner's finding that Wilson had no disability lacks substantial evidence. Accordingly, the decision of the Commissioner denying Wilson disability insurance benefits and supplemental security income is reversed and remanded. On remand, the ALJ should properly consider Dr. Lalone's opinion, including the mental limitations contained therein, with the assistance of the opinion of a medical expert, if appropriate.

IT IS SO ORDERED.

Dated: August 21, 2018　　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[26] *See id.* at 30.

[27] *Id.* at 34.